UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 21-52996-LRC |
| | : | |
| CARY GRANT ANDERSON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| NEIL C. GORDON, Chapter 7 Trustee for the Bankruptcy Estate of Cary Grant Anderson, | : | |
| Plaintiff. | : | |
| v. | : | Adv. Pro. No. |
| MELISSA M. ANDERSON, | : | |
| Defendant. | : | |

## COMPLAINT

COMES NOW Neil C. Gordon, as Chapter 7 Trustee ("**Plaintiff**") for the bankruptcy estate Cary Grant Anderson (the "**Bankruptcy Estate**"), by and through undersigned counsel, and files this *Complaint* against Melissa M. Anderson ("**Ms. Anderson**" or "**Defendant**"), and respectfully shows the Court as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 544, 550, 551, and 542(a).

2. This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (E), (F), (H), (N), and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409 because this adversary proceeding arises in the Chapter 7 bankruptcy case of Debtor, Case No. 21-52996-LRC (the

16801328v1

"**Bankruptcy Case**"), pending in the Northern District of Georgia, Atlanta Division.

4. This adversary proceeding is initiated under Rules 7001(1) and (3) of the Federal Rules of Bankruptcy Procedure.

5. Defendant may be served under Rule 7004(b)(1) of the Federal Rules of Bankruptcy Procedure by first class United States Mail as follows:

> Melissa M. Anderson
> 2554 Sterling Drive
> Lawrenceville, GA 30043

*With a copy to:*

> William Rountree
> Rountree Leitman & Klein LLC
> Century I Plaza
> 2987 Clairmont Road, Suite 175
> Atlanta, GA 30329

6. Defendant is the daughter of the Debtor.

7. Plaintiff consents to the entry of final orders or judgment by the Bankruptcy Court.

### Statement of Facts

#### *a. General Background*

8. The Debtor filed a voluntary petition (the "**Petition**") under Chapter 7 of Title 11 of the United States Code on April 14, 2021 (the "**Petition Date**") and initiated the Bankruptcy Case.

9. Also on the Petition Date, Debtor filed under penalty of perjury his *Statement of Financial Affairs* (the "**Sworn Statements**"), *Schedules A* through *J* (the "**Sworn Schedules**"), and other *Bankruptcy Papers*.

16801328v1

10. Plaintiff was appointed to the Bankruptcy Case as the interim Chapter 7 trustee on the Petition Date, pursuant to 11 U.S.C. § 701(a)(1) [Doc. No. 5].

11. Plaintiff conducted and concluded the meeting of creditors on May 18, 2021, in accordance with 11 U.S.C. § 341(a), after which time, Trustee became the permanent Chapter 7 trustee, pursuant to 11 U.S.C 702(d).

12. The duties of Plaintiff include an obligation to "collect and reduce to money the property of the [Bankruptcy E]state. . . ." 11 U.S.C. § 704(a)(1).

### b. The Property

13. By virtue of a *Limited Warranty Deed* (the "**Warranty Deed**") dated September 7, 2016 and recorded on the real property records with the Clerk of the Superior Court of Gwinnett County, State of Georgia (the "**Real Estate Records**") on October 28, 2016, the Debtor and Defendant became joint owners of that certain real property known generally as 2554 Sterling Drive, Lawrenceville, Gwinnett County, Georgia 30043 (the "**Property**"), as joint tenants with rights of survivorship, giving Debtor an undivided one-half interest in the Property.

14. A true and correct copy of the Warranty Deed is attached hereto, marked as **Exhibit A**, and incorporated herein by reference.

### c. The Transfers

15. By virtue of a *Quit Claim Deed* (the "**Quitclaim Deed**") dated July 17, 2017, debtor purported to transfer his undivided one-half interest in the Property to Defendant (the "**First Transfer**").

16. The Quitclaim Deed was recorded on the Real Estate Records [at page 270 of Deed Book 55262] on July 17, 2017 (the "**Second Transfer**," and together with the First Transfer, the "**Transfers**").

16801328v1

17. A true and correct copy of the Quitclaim Deed is attached hereto, marked as **Exhibit B**, and incorporated herein by reference.

18. The Transfers were for no monetary or valuable consideration.

19. The Transfers were to or for the benefit of Defendant, who is Debtor's daughter and an insider.

20. As reflected on the face of the Quitclaim Deed, no transfer tax was paid.

### *e. Reservation of Rights*

21. During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during any applicable period under the Bankruptcy Code or other applicable law. It is Plaintiff's intention to avoid and recover, under federal and state law, all transfers of any interest of Debtor in property made to or for the benefit of Defendant or any other transferee, including but not limited to preferential, fraudulent, and unauthorized post-petition transfers. Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the subject transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, and/or (iv) additional defendants that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for all such amendments to relate back to the date of filing of this original Complaint.

### *f. Debtor's Financial Condition at the Time of the Transfers*

22. In his Sworn Schedules, Debtor scheduled total non-priority unsecured debts of $193,442.00, which included a non-dischargeable student loan debt of $126,088.00 [Doc. No. 1, Page 18-24 of 51].

16801328v1

23. In his Sworn Schedules *Schedule D/F: Creditors Who Have Unsecured Claims* [Doc. No. 1, pages 18-23 of 51], Debtor scheduled, among others, non-priority unsecured debts in the amounts of: (a) $1,469.00 owing AMEX, (b) $9,680.00 owing Capital One Bank USA ("**Capital One**"), (c) $11,451.00 owing NC Financial, (d) $25,000.00 owing Velocity Investments, LLC, assignee of Prosper Funding ("**Velocity Investments**"), and (e) $2,325.00 owing SYNCB/PPMC.

24. Upon information and belief, the obligations owing AMEX, Capital One, NC Financial, Velocity Investments, and SYNCB/PPMC (the "**Creditors**") were all incurred prior to the Transfers and remained outstanding as of the Petition Date.

25. Upon information and belief, Debtor's financial condition did not change from the time of the Transfers through the Petition Date, except that Debtor had transferred his interest in the Property, thereby eliminating his main asset.

### Count I

### Avoidance of Transfers
### Under O.G.C.A. Section 18-2-74 or Other Applicable Law and 11 U.S.C. Section 544

26. Plaintiff realleges the allegations of paragraphs 1 through 26 above as though fully set forth herein.

27. At the time of the Transfers, Debtor had creditors, including the Creditors, which creditors had not and still have not been paid in full for their debts.

28. Debtor made the Transfers with the actual intent to hinder, delay, or default his creditors, as evidenced by the following "badges of fraud": (a) there was no monetary consideration or value received by Debtor in exchange for the Transfers; (b) the Transfers were to or for the benefit of an insider, the Defendant; (c) prior to and at the time of the Transfers, Debtor had substantial unsecured debt; (d) Debtor's interest in the Property was the Debtor's

16801328v1

only asset of significant value; (e) in his Sworn Schedules, Debtor scheduled the Property as being one-half owned by him and claimed a homestead exemption therein; and (f) Debtor was insolvent or became insolvent as a result of the Transfers.

29. Plaintiff is entitled to avoid the Transfers under O.C.G.A. § 18-2-74 and 11 U.S.C. § 544(b)(1).

## Count II

### Avoidance of Transfers
### Under O.C.G.A. Section 18-2-75 and 11 U.S.C. Section 544, Alternative Count

30. Plaintiff realleges the allegations of paragraphs 1 through 30 above as though fully set forth herein.

31. The Transfers were a transfer of an interest of Debtor in property.

32. The Transfers were made within four (4) years of the Petition Date.

33. Debtor did not receive reasonably equivalent value in exchange for the Transfers.

34. Upon information and belief, at the time of the Transfers, Debtor was insolvent or Debtor was rendered insolvent as a result of the Transfers.

35. Upon information and belief, at the time of the Transfers, Debtor was generally not paying his debts as they became due, including the Creditors.

36. The Transfers were made to or for the benefit of an insider, the Defendant.

37. Plaintiff is entitled to avoid the Transfers under O.C.G.A. § 18-2-75 and 11 U.S.C. § 544(b)(1).

## Count III

### Recovery of Avoided Transfers
### Under 11 U.S.C. Section 550

38. Plaintiff realleges the allegations of paragraphs 1 through 37 above as though

16801328v1

fully set forth herein.

39. The Defendant was the initial transferee of the Transfers and/or the person for whose benefit the Transfers were made.

40. Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover for the Bankruptcy Estate the property transferred or the value of the avoided Transfers from Defendant.

## Count IV

### Preservation of the avoided Transfers
### Under 11 U.S.C. Section 551

41. Plaintiff realleges the allegations of paragraphs 1 through 40 above as though fully set forth herein.

42. Once avoided, the Transfers are automatically preserved for the benefit of the Bankruptcy Estate, pursuant to 11 U.S.C. § 551.

WHEREFORE, Plaintiff prays that this Court enter a judgment in favor of Plaintiff and against Defendants:

a) avoiding the Transfers under O.C.G.A. § 18-2-74 and 11 U.S.C. § 544(b)(1);

b) avoiding the Transfers under O.C.G.A. § 18-2-75 and 11 U.S.C. § 544(b)(1), alternatively;

c) finding Defendant liable for the Transfers pursuant to 11 U.S.C. § 550;

d) preserving the avoided Transfers for the benefit of the Bankruptcy Estate, pursuant to 11 U.S.C. § 551;

e) reimbursing Plaintiff for the costs incurred in this action, including interest and attorney's fees; and

16801328v1

    f)   granting such other and further relief as is just and proper.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Plaintiff*

By: /s/ Neil C. Gordon
    Neil C. Gordon
    Georgia Bar No. 302387
    neil.gordon@agg.com

171 17th Street, NW, Suite 2100
Atlanta, GA 30363
P: (404) 873-8500 / F: (404) 873-8501

16801328v1

# EXHIBIT "A" FOLLOWS

16801328v1

Type: DEED    Book: 54693    Page: 00164

After Recording Return To
The Zdrilich Law Group LLC
3575 Koger Blvd
Ste 125
Duluth GA 30096
2016-08-02759

BK54693 P00164

PT-61 # 67-2016-025139
GWINNETT CO GEORGIA
REAL ESTATE TRANSFER TAX
$ 189.00
RICHARD T ALEXANDER, JR CLERK OF
SUPERIOR COURT

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY GA

2016 OCT 28 PM 3:40

RICHARD ALEXANDER CLERK

308707

STATE OF GEORGIA
COUNTY OF GWINNETT

### LIMITED WARRANTY DEED

THIS INDENTURE, made as of the 7TH day of September in the year two thousand and sixteen between

**MORIHIRO SAITO**

as party or parties of the first part, hereinafter called Grantor, and

**MELISSA M ANDERSON AND CARY G ANDERSON
AS JOINT TENANTS WITH RIGHTS OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON**

as party of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits)

WITNESSETH that Grantor, for and in consideration of other good and valuable considerations and the sum of Ten and no/100 ($10 00) Dollars in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property

All that tract or parcel of land lying and being in Land Lot 128 of the 7th District, Gwinnett County, being Lot 106, Block B, Westchester Commons, Unit Six, as per plat recorded in Plat Book 58, Page 30, in the Office of the Clerk of the Superior Court of Gwinnett County, Georgia, which recorded plat is incorporated herein by reference and made a part of this description

PARCEL #R7129 369

Subject to any Easements and Restrictions of Record

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons owning, holding or claiming by through or under the said Grantor

IN WITNESS WHEREOF, the Grantor has signed and sealed this Limited Warranty Deed, the day and year above written

Signed, sealed and delivered
in the presence of

Unofficial Witness

GRANTOR  MORIHIRO SAITO

by Takeshi Saito as attorney in fact
MORIHIRO SAITO
BY TAKESHI SAITO, AS ATTORNEY IN FACT

Notary Public
My commission expires
(seal)



0101453

# EXHIBIT "B" FOLLOWS

16801328v1

Type: DEED    Book: 55262    Page: 00270

BK55262 PG0270

PT-61 #p7-2017-018912
GWINNETT CO. GEORGIA
REAL ESTATE TRANSFER TAX
$ NONE
RICHARD T ALEXANDER, JR. CLERK OF
SUPERIOR COURT

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.
2017 JUL 17 PM 1: 33

RICHARD ALEXANDER, CLERK

State of Georgia
County of Gwinnett

2554 Sterling Dr.
Lawrenceville, GA 30043

## Quit Claim Deed

306094

This Indenture, made this 17th day of July in the year two thousand and seventeen between

**Melissa M Anderson and Cary G Anderson**

as parties of the first part, hereinafter called Grantor, and

**Melissa M Anderson**

as party of the second part, hereinafter called the Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

Witnesseth, that Grantor, for and in consideration of other good and valuable considerations and the sum of Ten and no/100 ($10.00) Dollars in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, bargained, sold, conveyed, and confirmed, and by these presents does grant, bargain, sell, convey, and confirm unto the said grantee, the following described property.

All that tract or parcel of land lying and being in Land Lot 128 of the 7th District, Gwinnett County, being Lot 106, Block B, Westchester Commons, Unit Six, as per plat recorded in Plat Book 58, Page 30, in the Office of the Clerk of the Superior Court of Gwinnett County, Georgia, which recorded plat is incorporated herein by reference and made a part of this description.

PARCEL # R7129 369

Subject to any Easements and Restrictions of Record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons owing, holding or claiming by through or under the said Grantor.

IN WITNESS WHEREOF, the Grantor has signed and sealed this Quit Claim Deed, the day and year above written.

Signed, sealed and delivered
in the presence of:

_____    GRANTOR:
Unofficial Witness           _____
                             Melissa M Anderson       SANDHYA NANDA
                                                      NOTARY PUBLIC
_____                               Gwinnett County
Notary Public (for Melissa M Anderson)                State of Georgia
                                                      My Comm. Expires Sept 30, 2017

_____    _____
Unofficial Witness           Cary G Anderson

_____                               SANDHYA NANDA
Notary Public (For Cary G Anderson)                   NOTARY PUBLIC
                                                      Gwinnett County
                                                      State of Georgia
                             0065684                  My Comm. Expires Sept 30, 2017

10