## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **CHAPTER 7** |
| **CARY GRANT ANDERSON** | ) | |
| | ) | **CASE NO. 21-52996-lrc** |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| **NEIL C. GORDON, Chapter 7 Trustee or the** | ) | |
| **Bankruptcy Estate of Cary Grant Anderson,** | ) | |
| | ) | **ADVERSARY PROCEEDING** |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CASE NO. 21-05072-lrc** |
| vs. | ) | |
| | ) | |
| **MELISSA M. ANDERSON,** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

**COMES NOW,** the **MELISSA M. ANDERSON**, (hereinafter referred to as **"Ms. Anderson" or "Defendant"**) and through her undersigned counsel files this Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

The above-styled adversary proceeding was filed on July 19, 2021 by the Chapter 7 Trustee, Neil C. Gordon (the **"Plaintiff"**) on behalf of the Bankruptcy Estate of the Debtor, Cary Grant Anderson (the "**Debtor**"). The allegations in the Complaint against Ms. Anderson are to avoid Debtor's transfer to Ms. Anderson of any interest in residential real property known generally as 2554 Sterling Drive, Lawrenceville, Gwinnett County, Georgia 30043 (the "**Property**") under O.C.G.A. § 18-2-74 and 11 U.S.C. §544(b)(1); alternatively, to avoid the transfer of the Property under O.C.G.A. §18-2-75 and 11 U.S.C. §544(b)(l ); to recover any avoided transfer pursuant to 11 U.S.C. §550 and to preserve any avoided transfer pursuant to 11 U.S.C §551.

**First Defense**

Plaintiffs' Compliant fails to state a claim upon which relief may be granted pursuant to O.C.G.A. § 18-2-74  and 11 U.S.C. §544(a)(3).   Any legal or equitable interest the Debtor may have had in the Property at the time of Transfer was *de minimis* and inconsequential to his Financial Condition.

**Second Defense**

Plaintiffs' Compliant fails to state a claim upon which relief may be granted pursuant to §18-2-75 and 11 U.S.C. §544(b)(l ).

**Third Defense**

Defendant gives notice that she intends to rely upon and invoke any other defenses that may become available or appear during the proceedings in this case and reserves her right to amend this Answer to include any such defense(s).

**Fourth Defense**

Ms. Anderson hereby responds to each of the allegations contained in Plaintiff's Complaint as follows:

**<u>Parties, Jurisdiction and Venue</u>**

1. through 6.

Ms. Anderson **admits** the allegations contained in paragraphs one (1) through and including six (6) of Plaintiff's Complaint.

7.

Paragraph seven (7) of Plaintiff's Complaint does not contain an allegation that can be admitted or denied.  Inasmuch as a response is required in its applicability in this case, it is **denied**.

## Plaintiff's Statement of Facts
### a. General Background

8.

Ms. Anderson **admits** the allegations contained in paragraph eight (8) of Plaintiff's

Complaint.

9.

Ms. Anderson has no personal knowledge of the allegations contained in paragraph nine

(9) of the Complaint and must **deny**.

10. thru 11.

The facts stated in paragraphs ten (10) and eleven (11) of Plaintiff's Complaint are a

matter of record in the Debtor's underlined Chapter 7 case and are **admitted**.

12.

Paragraph twelve (12) of Plaintiff's Complaint does contain allegations that can be

admitted or denied, but merely recites §704(a)(1).  Inasmuch as a response is required in its

applicability in this case, it is **denied**.

### b. The Property

13. and 14.

 The "Warranty Deed" referred to in Paragraph 13 and 14 of Plaintiff's Complaint is a

legal document and  therefore speaks for itself; therefore, any allegations outside of the strict

language of the Warranty Deed is **denied**.

### c. The Transfers

15. thru 17.

The "Quitclaim Deed" referred to in Paragraphs 15, 16 and 17 of Plaintiff's Complaint is

a legal document and therefore speaks for itself; therefore, any allegations outside of the strict

language of the Quitclaim Deed is **denied**.

18.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph

eighteen (18) of the Complaint.

19.

Ms. Anderson **admits** the allegations contained in paragraph nineteen (19) of Plaintiff's

Complaint inasmuch as her relationship to the Debtor is defined as an "insider" by the

Bankruptcy Code, but **denies** the legal conclusion that the transfer was for her benefit.

20.

Again, the "Quitclaim Deed" referred to in Paragraph 20 of Plaintiff's Complaint is a

legal document and therefore speaks for itself; therefore, any allegations outside of the strict

language of the Quitclaim Deed is **denied**.

### d. (Skipped in Complaint)

### e. Trustee's Reservation of Rights

21.

Paragraph twenty one (21) of Plaintiff's Complaint does contain allegations that can be

admitted or denied.  Inasmuch as a response is required in its applicability in this case, it is

**denied**.

### f. Debtor's Financial Condition at the Time of Title Transfers

22. and 23.

Ms. Anderson has no personal knowledge of the truth, veracity or legal conclusions

contained in paragraphs twenty-two (22) and twenty three (23) of Plaintiff's Complaint and she

can neither admit nor deny.  The "Sworn Schedules" referred to legal document of record in this

case and therefore, speaks for itself.

24.

Ms. Anderson has no personal knowledge of the truth or veracity of allegations contained in paragraph twenty-four (24) of Plaintiff's Complaint.  Inasmuch as a response is required as to the Plaintiff's "*information and belief*" in its applicability in this case, it is **denied**.

25.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph twenty (25) of Plaintiff's Complaint.  For further answer, the value of the Property at the time of Transfer was approximately $198,000.00 with a mortgage balance of approximately $188,000.00.

## Count I

### *Avoidance of Transfer under 11 U.S.C. §544(a)(3)*

26.

 Paragraph twenty-six (26) of Plaintiff's Complaint does not contain an allegation; therefore, for the  purposes of this Answer, it is **denied**.

27.

Ms. Anderson has no personal knowledge of the truth or veracity of allegations contained in paragraph twenty-seven (27) of Plaintiff's Complaint.  Inasmuch as a response is required" in its applicability in this case, it is **denied**.

28.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph twenty-eight (28) of Plaintiff's Complaint.  For further answer, the Property was purchased solely with Ms. Anderson's funds; all earnest money, ongoing mortgage loan payments were made by Ms. Anderson; Ms. Anderson forgave $7,000.00 of the Debtor's existing debts to her

prior to said Transfer; all maintenance and repairs to the Property were solely from Ms.

Anderson's funds.

29.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph

twenty-nine (29) of Plaintiff's Complaint.

## Count II

### *Avoidance of Transfer*
### *under O.C.G.A. Section 18-2-75 11 U.S.C. §544(a)(3)*

30.

Paragraph thirty (30) of Plaintiff's Complaint does not contain an allegation; therefore,

for the  purposes of this Answer, it is **denied**.

31.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-

one (31) of Plaintiff's Complaint.

32.

Ms. Anderson **admits** the allegation contained in paragraph thirty-two (32) of Plaintiff's

Complaint inasmuch as it calculates the time between the Quitclaim date and Petition date.

33.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-

three (33) of Plaintiff's Complaint.

34.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-

four (34) of Plaintiff's Complaint.

35.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-five (35) of Plaintiff's Complaint.

36.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-six (36) of Plaintiff's Complaint.

37.

Ms. Anderson **denies** the allegations and legal conclusions contained in paragraph thirty-seven (37) of Plaintiff's Complaint.

**Count III**

***Recovery of Avoided Transfers under 11 U.S.C. §550***

38.

Paragraph thirty-eight (38) of Plaintiff's Complaint does not contain an allegation; therefore, for the  purposes of this Answer, it is **denied**.

39.

Ms. Anderson **admits** the allegations contained in paragraph thirty-nine (39) of Plaintiff's Complaint.

40.

Paragraph forty (40) of Plaintiff's Complaint does not contain an allegations, but merely recites prayers and legal conclusions. Inasmuch as a response is required in its applicability in this case, it is **denied**.

## Count IV

### *Preservation of Avoided Transfers under 11 U.S.C. §551*

41.

Paragraph forty-one (41) of Plaintiff's Complaint does not contain an allegation; therefore, for the  purposes of this Answer, it is **denied**.

42.

Paragraph forty-two (42) of Plaintiff's Complaint does not contain any allegations, but merely recites prayers and legal conclusions. Inasmuch as a response is required in its applicability in this case, it is **denied**.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Ms. Anderson prays that:

a) The Court dismiss the Plaintiff's Complaint in its entirety;

b) Ms. Anderson be reimbursed for attorney fees and costs incurred in defending this action; and

c) Granting such other and further relief as is just and proper.

This 17th day of August, 2021.

Respectfully submitted,

_____/s/_____
Richard K. Valldejuli, Jr.
GA State Bar # 723225
Attorney for Defendant

Valldejuli & Associates, LLC
2199 Lenox Road, Suite A
Atlanta, Georgia  30324
(404) 636-9957

## <u>CERTIFICATE OF SERVICE</u>

I certified that the foregoing "***Answer to Plaintiff's Complaint***" was filed electronically on CM/ECF on August 17, 2021 which will give notice of such filing and/or by e-mail and/or by depositing in the United States Mail, a copy of same in a properly addressed envelope with adequate postage thereon  to:

**Neil C. Gordon**
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363
angela.ford@agg.com

This 17th day of August, 2021.

_____/s/_____
Richard K. Valldejuli, Jr.
GA State Bar # 723225
Attorney for Defendant

Valldejuli & Associates, LLC
2199 Lenox Road, Suite A
Atlanta, Georgia  30324
(404) 636-9957